UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States of America<br><br>*v.*<br><br>Hakan Yalincak | Criminal Nos. 3:05cr111 (JBA)<br>3:05cr153 (JBA) |

**RULING ON DEFENDANT'S MOTION TO
QUASH, VACATE, OR STAY WRIT OF EXECUTION**

Upon the Government's written application, the Court issued a Writ of Execution ("Writ") against Defendant Hakan Yalincak on March 26, 2008. Yalincak has moved to quash or vacate the Writ on several grounds. The Defendant argues that (1) he has no obligation to make restitution payments during his period of incarceration, (2) the Government "should be estopped from seizing [his] funds given that he offered all of his interests . . . in his *pro se* litigation," and (3) "the recoveries in question are exempt from levy pursuant to 18 U.S.C. § 3613(a)(1), because they consist of recoveries for personal injury, which are exempt for tax purposes under 26 U.S.C. § 104(a)(1) and § 6334." (Def.'s Reply [Doc. # 177] at 2–3.) Yalincak further "submits that for this Court to alter or otherwise change the previously ordered restitution schedule of $1,000.00 per month . . . constitutes an unlawful, constructive amendment of the Criminal Judgment." (Def.'s Mot. [Doc. # 171] at 4.)

After review of the Defendant's briefing, the Court concludes that his arguments are without merit. First of all, the criminal judgment entered in this case and the governing statutory scheme together contradict Yalincak's characterizations of the terms of his sentence. As a special condition of supervised release, the Court imposed restitution:

> Defendant shall pay restitution in the amount of $4,182,000.00, of which defendant is jointly and severally liable with Ayfer Yalincak for $2,250,000.00 as follows: $1,750,000.00 to F.M. and $500,000.00 to W. A-M. Restitution shall be paid at the rate of $1,000.00 per month, with interest waived. This amount may be modified based on the defendant's ability to pay as determined by United States Probation Office (USPO) and approved by the Court.

(Judgment, April 16, 2007 [Doc. # 145], at 1.) Notwithstanding the Court's order for periodic payments following incarceration, *see* 18 U.S.C. § 3664(f)(3)(B), pursuant to 18 U.S.C. § 3613(c) and (f), "an order of restitution" imposed on a defendant is considered "a lien in favor of the United States" on all of that person's property rights which "arises on the entry of judgment and continues" until satisfied. The Government represents that it perfected its statutory lien against Yalincak on May 11, 2007. (Gov't's Opp'n [Doc. # 174] at 3 n.2.) To satisfy the lien, which continues for at least twenty years, the Government can collect property already held by the Defendant and also any additional "substantial resources" he receives, "including inheritance, settlement, or other judgment." 18 U.S.C. § 3664(n). Consequently, Defendant's principal contention—that the Government cannot levy any of the litigation recoveries or settlements which he receives during or following incarceration—is contrary to law.

Yalincak's remaining arguments also fail. That he may have offered to give the Government an interest in his future recovery in civil litigation is of no moment, because such an offer does not relieve Yalincak of his restitution obligations pursuant to the criminal judgment and the applicable statutes. Contrary to his position that "personal injury damages . . . cannot be levied by the government" (Def.'s Reply at 11–12), Yalincak has not shown how the proceeds targeted by the Writ fit within the narrow exceptions enumerated in 18 U.S.C. § 3613(a).

Thus, having considered all of Defendant's arguments, the Court finds no valid reason to vacate or quash the Writ. Accordingly, Defendant's motion [Doc. # 171] is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 14th day of August, 2008.