UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | : | | |
| Plaintiff, | : | | |
| V. | : | Case Nos. | 3:05-CR-00111 (JBA) |
| | | | 3:05-CR-00153 (JBA) |
| HAKAN YALINCAK, et al., | : | | |
| Defendant. | : | | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CREDIT TOWARD DEFENDANT'S OUTSTANDING RESTITUTION DEBT

The Defendant, Hakan Yalincak, respectfully files this memorandum of law in support of his motion for credit toward his outstanding restitution debt pursuant to 18 U.S.C. § 3664(j)(2). For the reasons stated below, Mr. Yalincak's motion should be granted and his outstanding restitution debt should be reduced by $1,411,857.38.

### PRELIMINARY STATEMENT

On April 24, 2007 and on November 2, 2007, Mr. Yalincak moved this Court to credit any and all funds that were recovered in *In re Daedalus Capital Relative Value Fund I, LLC, Chapter 7 Inv.*, Case No. 05-13790 (SCC)(S.D.N.Y.) and *In re HMMH Holdings, LLC, Chapter 7 Inv.*, Case No. 07-50121 (AHWS)(D.Conn.), and a state civil proceeding, *see Meyer, et al v. Yalincak, et al.*, Case No. 05-CH-8308 (Chancery Div. Chicago, Illinois), toward his outstanding restitution debt. *See United States v. Hakan Yalincak*, Case No. 3:05-CR-00111 (JBA)(Doc. 147, and 159). On December 26, 2007, absent objection from the Government, this Court granted the Defendant's two motions. (Doc. 160).

Upon information and belief, significant additional sums have been recovered in the two above-mentioned bankruptcy proceedings over the past three years, and Mr. Yalincak now moves the Court for credit of such funds towards his outstanding restitution debt.

**I.     Recoveries In Daedalus Bankruptcy**

**A.     The Defendant's Restitution Debt Has Not Been Reduced Despite The Fact The Court Granted His Previous Motions**

Mr. Yalincak previously moved this Court for credit in the amount of $1,140,907.38 towards his restitution debt and that motion was granted, absent objection, on December 26, 2007. *See United States v. Hakan Yalincak*, Case No. 3:05-CR-00111 (JBA)(Doc. 159). To date, however, Mr. Yalincak and his codefendant's restitution order have not been reduced or amended by that amount. In the same vein, upon information and belief, the Defendant has made cash payments totalling at least $10,200.00, yet these payments have also not been credited towards his outstanding restitution debt.

In light of the fact that the Court previously granted Mr. Yalincak's request, the Government did not appeal or otherwise object to the Court's ruling, Mr. Yalincak respectfully requests that the Clerk of the Court and/or the Government adjust the Defendant's outstanding restitution debt in accordance with the Court's previous order and credit the Defendant and his codefendant the amount of $1,140,907.38, together with cash payments of $10,200.00 made by the Defendant during his period of incarceration.

**B.     Recent Recoveries By Daedalus Bankruptcy Trustee**

The Defendant moves that the following amounts be credited towards his restitution order:

1.     **$22,000** in Yann Geron Trustee of Daedalus Capital Relative Value Fund I, LLC v. American Express Co., Adversary Case No. 07-01739 (PCB)(A copy of the Court approved settlement agreement is attached as **Exhibit A**);

2.     **$3,000** in Yann Geron Trustee of Daedalus Capital Relative Value Fund I, LLC v. Pacific Business Forums., Adversary Case No. 07-01741 (PCB) (A copy of the Court approved settlement agreement is attached as **Exhibit B**);

3.     **$13,000** in Yann Geron Trustee of Daedalus Capital Relative Value Fund I, LLC v. James N. Oliphant, Adverysary Case No. 07-01746 (PCB))(A copy of the Court approved settlement agreement is attached as **Exhibit C**);

2

4.    **$13,000** in <u>Yann Geron Trustee of Daedalus Capital Relative Value Fund I,</u>
       <u>LLC v. Jeff Benton,</u> Adversary Case No. 07-91737 (PCB) (A copy
       of the Court approved settlement agreement is attached as **Exhibit D**);

5.    **$7,000** in <u>Yann Geron Trustee of Daedalus Capital Relative Value Fund I, LLC</u>
       <u>v. Tiffany & Company,</u> Adversary Case No. 07-01742 (PCB )(A copy
       of the Court approved settlement agreement is attached as **Exhibit E**);

       and

6.    **$60,000** in <u>Yann Geron Trustee of Daedalus Capital Relative Value Fund I,</u>
       <u>LLC v. Barack Ferrazzano Kirschbaum Perlman & Nagelberg, LLP, and</u>
       <u>Michael Legamaro,</u> Adversary Case No. 09-01109 (PCB )(A copy
       of the Court approved settlement agreement is attached as **Exhibit F**);

Mr. Yalincak has attached evidence in the form of Bankruptcy Court approved

settlement agreements of the recent recoveries by the Bankruptcy Trustee totaling $118,000.

In light of the foregoing, Mr. Yalincak moves that he receive credit towards his

outstanding restitution debt in the amount of $118,000.00.

## II.    **Recoveries In HMMH Bankruptcy**

Mr. Yalincak further moves that the following amounts be credited towards his

restitution:

1.    **$60,000.00** in <u>Richard M. Coan Trustee of HMMH Holdings, LLC v. Barack</u>
       <u>Ferrazzano Kirschbaum & Nagelberg, LLP,</u> Adversary Case No. 09-05020
       (AHWS) )(A copy of the Court approved settlement agreement is attached
       as **Exhibit G**);

2.    **$77,750.00** in <u>Richard M. Coan Trustee of HMMH Holdings, LLC v. Hines</u>
       <u>600 Lexington Avenue, LLC,</u> Adversary Case No. 09-5019 (AHWS) )(A copy
       of the Court approved settlement agreement is attached as **Exhibit G** );

       and

3.    **$5,000.00** in <u>Richard M. Coan Trustee of HMMH Holdings, LLC v. Preston</u>
       <u>Tsao,</u> Adversary Case No. 09-5018 (AHWS) )(A copy of the Court approved
       settlement agreement is attached as **Exhibit G**);

Mr. Yalincak has attached evidence in the form of Bankruptcy Court approved

settlement agreements of the recent recoveries by the HMMH Bankruptcy Trustee totalling

$142,750.00.

In light of the foregoing, Mr. Yalincak moves that he receive credit towards his outstanding restitution debt in the amount of $142,750.00.

**III.    Total Requested Credit**

The Court previously granted Mr. Yalincak's motion that he receive credit towards his outstanding restitution debt in the amount of request for credit of the funds recovered from the New York University Gift, *See New York University v. Yann Geron, et al.*, Adversary Case No. 06-01416 (PCB) in the amount of $1,050,907.38, and the recovery of $90,000 in assets held on deposit in a HMMH Holdings, LLC bank account totalling $90,000 recovered in *Meyer, et al v. Yalincak, et al.*, Case No. 05-CH-8308 (Chancery Division, Chicago, Illinois), for a grand total of $1,140,907.38.  In addition, Mr. Yalincak has made cash payments totalling $10,200. The Court has inherent authority under 18 U.S.C. § 3664(j)(2) to reduce a defendant's outstanding restitution debt.

Next, as noted above, the Daedalus Bankruptcy Trustee has recently recovered a further $118,000.00 and the HMHHM Bankruptcy Trustee has recently recovered a further $142,750.00.

Accordingly, in light of the foregoing, Mr. Yalincak requests that the Court reduce or credit the amount of $1,411,857.38[1] towards his restitution debt for which is joint severally liable with his co-defendant, Ayfer Yalincak.

---

[1] This sum has been calculated as follows: (a) $1,050,907.38 from the NYU Gift; (b) $90,000 cash from the Chicago Action; (c) $10,200 in cash payments made by the Defendant; (d) $118,000 in additional recoveries made by the Daedalus Bankruptcy Trustee; and (e) $142,000 in additional recoveries made by the HMMH Bankruptcy Trustee. In addition, based on the Government's own filings, an additional $2,800.00 has been paid by Mrs. Ayfer Yalincak, Mr. Yalincak's co-defendant. This amount is not included in this motion; however, the Government has been very slow to update its records and there appears to have been no reduction as to either defendant as to any of their payments.

## CONCLUSION

**WHEREFORE**, for the reasons stated above, the Defendant's motion should be granted and his restitution debt should be reduced, or he should receive an immediate credit towards his restitution, in the amount of $1,411,857.38.

Dated:        January 13, 2011                    Respectfully submitted,
                                                  HAKAN YALINCAK


                                                  s/ Jeffrey C. Kestenband
                                                  Jeffrey C. Kestenband, ct 19003
                                                  Fed Bar No.: ct19003
                                                  Tindall Holmes & Kestenband, LLC
                                                  67 Holmes Ave.
                                                  Waterbury, CT 06710
                                                  Tel. (203) 755-0018
                                                  Fax. (203) 755-0036
                                                  jkestenband@thklaw.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically, on this 13th day of January, 2011. Notice of the filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court system.

Calvin B. Kurimai, Esq.
United States Attorney's Office
District of Connecticut
157 Church Street, 23rd floor
New Haven, CT 06510

s/ Jeffrey C. Kestenband
Jeffrey C. Kestenband
